JUDGE BATTS

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---
POZZOLI SPA and
MULTI PACKAGING SOLUTIONS, INC.,

   Plaintiffs,

 v.

AGI MEDIA, INC., MEADWESTVACO
CORPORATION, SHOREWOOD
PACKAGING CORPORATION,
POLY-MATRIX, INC, and AGI POLYMATRIX

   Defendants.

---

Civil Action No.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs, Pozzoli SPA and Multi Packaging Solutions, Inc., do hereby, through their attorneys, allege as follows:

### PARTIES

1. Plaintiff, Pozzoli SPA ("Pozzoli"), is a firm organized under the laws of Italy, having its registered offices at via G. Di Vittorio 11, Inzago, Milano-Italy.

2. Plaintiff, Multi Packaging Solutions, Inc. ("MPS"), is a corporation organized under the laws of Delaware, having its principal place of business at 150 East 52nd Street, New York, NY 10022. (Pozzoli and MPS are collectively referred to as "Plaintiffs").

3. Upon information and belief, Defendant, AGI Media, Inc. is a corporation organized under the laws of Nevada having a principal place of business at 5055 Wilshire Blvd., Suite 410, Los Angeles, CA 90036.

4. Upon information and belief, Defendant, MeadWestvaco Corporation is a corporation organized under the laws of Delaware having a principal place of business at 501 South 5th Street, Richmond, VA 23219.

5. Upon information and belief, Defendant, Poly-Matrix, Inc. is a corporation organized under the laws of Massachusetts having a principal place of business at 40 Downing Parkway, Pittsfield, MA, 01201.

6. Upon information and belief, Defendant AGI Polymatrix is a corporation with a principal place of business at 1300 West Park Road, Elizabethtown, KY 42701-3037.

7. Upon information and belief, Defendant, Shorewood Packaging Corporation is a corporation organized under the laws of New York having a principal place of business at 400 Atlantic Avenue, Stamford, CT 06921. (AGI Media, Inc., MeadWestvaco Corporation, Poly-Matrix, Inc., AGI Polymatrix, and Shorewood Packaging Corporation are collectively referred to as "Defendants").

## JURISDICTION AND VENUE

8. This is an action for patent infringement under the patent laws of the United States, Title 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants directly, or indirectly through its agents, do business in this judicial district and/or have committed acts of infringement within this judicial district giving rise to this action.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 because

the Defendants have conducted business here and/or have committed acts of infringement here.

## FACTUAL BACKGROUND

11.  On April 28, 1998, United States Patent No. 5,743,390 was duly and legally issued by the United States Patent and Trademark Office ("PTO") entitled "Container for a Plurality of Discs, Particularly for Compact Discs" (hereinafter "the '390 patent"). A true and correct copy of the '390 patent is attached hereto as Exhibit A.

12.  The '390 patent was subsequently reexamined by the PTO. The PTO issued a Reexamination Certificate with respect to the '390 patent on October 7, 2008. A copy of the Reexamination Certificate is attached hereto as Exhibit B. The '390 patent as originally issued and as reexamined are hereafter collectively referred to as "the '390 patent."

13.  Plaintiff Pozzoli is the owner by assignment of the '390 patent.

14.  Plaintiff MPS is the exclusive U.S. licensee of the '390 patent.

## FIRST COUNT
### (Infringement of U.S. Patent No. 5,743,390 patent)

15.  Plaintiffs restate and incorporate herein by reference Paragraphs 1 through 13 as though fully set forth herein.

16.  Each of the Defendants has infringed and continues to infringe the '390 patent by making, using, offering for sale and/or selling products, including but not limited to certain twin-tray or multi-tray DVD or compact disc containers and packaging which are covered by one or more claims of the '390 patent and will continue to do so unless enjoined therefrom by this Court.

17. The Defendants have also infringed the '390 patent by contributing to the infringement of the patent by others and/or by inducing others to infringe the '390 patent.

18. Upon information and belief, Defendants' continued infringement of the '390 patent, whether direct, contributory, and/or by inducement, has been and continues to be knowing and willful.

19. Plaintiffs have been irreparably harmed to an extent not yet determined by Defendants' infringement, and will continue to be irreparably harmed in the future unless Defendants are enjoined from its activities by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment and seeks relief against Defendants as follows:

A. That this Court enter judgment that the '390 patent has been and continues to be infringed by Defendants.

B. That this Court preliminarily and permanently enjoin each Defendant, its officers, agents, servants, employees, subsidiaries and those persons acting in concert with them, including relating individuals and entities, customers, representatives, dealers and distributors, from infringing the '390 patent as provided in 35 U.S.C. § 283.

C. That this Court award Plaintiffs damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the inventions of the '390 patent as provided in 35 U.S.C. § 284.

D. That this Court award Plaintiffs treble damages as provided in 35 U.S.C. § 284 for infringement of the '390 patent.

E.  That this Court find Defendant's infringement of the '390 patent is willful.

F.  That this Court declare this to be an "exceptional case" within the meaning of 35 U.S.C. § 285.

G.  That this Court award Plaintiffs reasonable attorneys' fees in this action as provided in 35 U.S.C. § 285.

H.  That this Court award Plaintiffs interest and costs in this action pursuant to 35 U.S.C. § 284.

I.  That this Court grant such other and further relief as it shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

Date: July 9, 2010

By: _____
Michael J. Rye, Esq. (MR0305)
Steven M. Coyle, Esq. (SC0730)
**CANTOR COLBURN LLP**
20 Church Street, 22nd Floor
Hartford, CT 06103
(860) 286-2929
(860) 286-0115 (facsimile)
mrye@cantorcolburn.com
scoyle@cantorcolburn.com

ATTORNEYS FOR PLAINTIFFS
POZZOLI SPA and MULTI PACKAGING
SOLUTIONS, INC.