UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POZZOLI SPA and MULTI PACKAGING SOLUTIONS, INC.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>AGI MEDIA, INC. MEADWESTVACO CORPORATION, SHOREWOOD PACKAGING CORPORATION, POLY-MATRIX, INC., AGI POLYMATRIX, AGI NORTH AMERICA LLC, AGI POLYMATRIX LLC,<br><br>　　　　　　　　　Defendants. | Civil Action No. 10-cv-05341-DAB<br><br>District Judge Deborah A. Batts<br>Magistrate Judge Theodore H. Katz |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF AGI MEDIA INC., MEADWESTVACO CORPORATION, POLY-MATRIX, INC., AGI POLYMATRIX, AGI NORTH AMERICA LLC, AND AGI POLYMATRIX LLC TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants AGI MEDIA, INC., MEADWESTVACO CORPORATION, POLY-MATRIX, INC., AGI POLYMATRIX, (collectively "MWV")[1] and AGI NORTH AMERICA LLC, and AGI POLYMATRIX LLC (collectively "AGI"), (MWV and AGI, together "Defendants") hereby answer the Second Amended Complaint ("Complaint") of Plaintiffs POZZOLI SPA and MULTIPACKAGING SOLUTIONS, INC. (collectively "Plaintiffs"):

### THE PARTIES

　　　1.　　Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies them.

　　　2.　　Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies them.

---

[1] MWV notes that there are no corporate entities named "AGI Media, Inc.," "Poly-Matrix, Inc.," or "AGI Polymatrix."

- 1 -

3. Defendants deny the allegations recited in paragraph 3 of the Complaint.

4. Defendants admit the allegations recited in paragraph 4 of the Complaint.

5. Defendants deny the allegations recited in paragraph 5 of the Complaint.

6. Defendants deny the allegations recited in paragraph 6 of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies them.

8. Defendants admit the allegations recited in paragraph 8 of the Complaint.

9. Defendants admit the allegations recited in paragraph 9 of the Complaint.

10. Defendants neither admit nor deny the allegations recited in paragraph 9 of the Complaint, as they do not appear to require a response.

## JURISDICTION AND VENUE

11. Defendants admit that this action is purportedly an action for patent infringement, but deny they have committed any act of infringement alleged in the Complaint. MWV admits that this Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. Defendants admit that this Court has personal jurisdiction over Defendants, and that they have conducted business in this judicial district, but deny the remaining allegations of paragraph 12.

13. Defendants admit that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b), but deny they has committed any act of infringement alleged in the Complaint.

## FACTUAL BACKGROUND

14. Defendants admit that United States Patent No. 5,743,390 ("the '390 Patent") is entitled "Container for a Plurality of Discs, Particularly for Compact Discs" and bears an issue

date of April 28, 1998, but denies that it was duly and legally issued by the United States Patent and Trademark Office. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 of the Complaint, and therefore denies them.

15. Defendants admit the allegations recited in paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore deny them.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore deny them.

## FIRST COUNT
### (Infringement Of U.S. Patent No. 5,743,390)

18. Defendants repeat and reallege each and every response contained within the foregoing paragraphs as though fully set forth herein.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiffs to which no response is required. To the extent an answer is required, Defendants deny that Plaintiff is entitled to any of the requested relief and denies any such allegations.

## JURY DEMAND

This paragraph sets forth Plaintiffs' request for a jury trial to which no response is required. Defendants also request a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Defendants' Affirmative Defenses are below. Defendants reserve the right to amend their Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in this case.

### FIRST DEFENSE
### (No Infringement)

Defendants have not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '390 Patent and are not liable for any acts of infringement of any such claim of the '390 Patent.

### SECOND DEFENSE
### (Patent Invalidity)

The claims of the '390 Patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD DEFENSE
### (Failure to State a Claim)

Upon information and belief, the Complaint and each purported claim alleged therein, fail to state facts upon which relief can be granted against Defendants.

### FOURTH DEFENSE
### (No Willful Infringement)

Should Defendants be found to infringe the '390 Patent, such infringement was not willful.

### FIFTH DEFENSE
### (Estoppel)

Upon information and belief, by reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that resulted in the '390 Patent, including its reexamination, as shown by the file histories, and by reason of the amendment, cancellation or

abandonment of claims, and the admissions and other statements made therein by or on behalf of the patentee(s), Plaintiffs are estopped from claiming a construction of the '390 Patent that would cause any valid, enforceable claim thereof to cover or include any method or product manufactured, used, sold, or offered for sale by Defendants.

## SIXTH DEFENSE
### (Waiver, Laches and Estoppel)

Plaintiffs' alleged claims regarding the '390 Patent are barred by the doctrines of waiver, laches and/or estoppel.

## COUNTERCLAIMS

Counterclaim-Plaintiff MeadWestvaco Corporation, Inc. ("MeadWestvaco") and AGI North America LLC, and AGI Polymatrix LLC (collectively "AGI"), for their Counterclaims against Counterclaim-Defendants Pozzoli SpA ("Pozzoli") and Multi Packaging Solutions, Inc. ("MPS") and upon information and belief, states as follows:

## THE PARTIES

1.  MeadWestvaco is a Delaware corporation with a place of business at 501 South 5th Street, Richmond, Virginia 23219.

2.  AGI North America LLC is a Delaware LLC with a place of business at 1950 N. Ruby Street, Melrose Park, IL 60160.

3.  AGI Polymatrix LLC is a Delaware LLC with a place of business at 45 Downing Industrial Park, Pittsfield, MA 01201

4.  Upon information and belief and according to paragraph 1 of its Complaint, "Plaintiff Pozzoli SPA ("Pozzoli") is a firm organized under the laws of Italy, having its registered offices at via G. Di Vittorio 11, Inzago, Milano-Italy."

5. Upon information and belief and according to paragraph 2 of its Complaint, "Plaintiff Multi Packaging Solutions, Inc. ("MPS"), is a corporation organized under the laws of Delaware, having its principal place of business at 150 East 52nd Street, New York, NY 10022."

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and venue for these Counterclaims is proper in this district under at least 28 U.S.C. § 1391.

7. This Court has personal jurisdiction over Pozzoli and MPS because Pozzoli and MPS have submitted themselves to the personal jurisdiction of this Court by commencing this action.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement of the '390 Patent)

8. An actual case or controversy exists between MeadWestvaco and AGI,, and Pozzoli and MPS as to whether United States Patent No. 5,743,390 ("the '390 Patent") is not infringed by MeadWestvaco.

9. A judicial declaration is necessary and appropriate so MeadWestvaco and AGI may ascertain their rights regarding the '390 Patent.

10. MeadWestvaco and AGI have not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '390 Patent and is not liable for any acts of infringement of any such claim of the '390 Patent.

## COUNT TWO
### (Declaratory Judgment of Invalidity of the '390 Patent)

11. MeadWestvaco and AGI restate and incorporate by reference their allegations in the previous paragraphs in these Counterclaims.

12. An actual case or controversy exists between MeadWestvaco and AGI, and Pozzoli and MPS as to whether the claims of the '390 Patent are invalid.

13. A judicial declaration is necessary and appropriate so MeadWestvaco and AGI may ascertain its rights as to whether the claims of the '390 Patent are invalid.

14. The claims of the '390 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, MeadWestvaco and AGI pray for judgment as follows:

a. A judgment dismissing with prejudice Pozzoli and MPS's Complaint against Defendants and ordering that Pozzoli and MPS take nothing by their claims;

b. A judgment in favor of MeadWestvaco and AGI on all of their Counterclaims;

c. A declaration that MeadWestvaco and AGI have not infringed directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '390 Patent and is not liable for any acts of infringement of any such claim of the '390 Patent;

d. A declaration that the claims of the '390 Patent are invalid;

e. An award of costs to Defendants pursuant to 35 U.S.C. § 284;

f. A finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award to Defendants of their reasonable attorney fees; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendants hereby demand a trial by jury for all issues so triable.

Dated: New York, New York
       November 24, 2010

**McDERMOTT WILL & EMERY LLP**

_s/ Jason Casero_

Jason Casero
340 Madison Avenue
New York, New York 10017
(212) 547-4000
jcasero@mwe.com

*Attorneys for Defendants AGI Media, Inc., MeadWestvaco Corporation, Poly-Matrix, Inc., AGI Polymatrix, AGI North America LLC, AGI Polymatrix LLC*

To: Steven M. Coyle, Esq.
    CANTOR COLBURN LLP
    20 Church Street, 22nd Floor
    Hartford, CT 06103-3207
    (860) 286-2929
    scoyle@cantorcolburn.com

   *Attorneys for Plaintiffs*

NYK 1365783-1.087680.0011